## RHOADS et al. v. GRAY et al.

### · Sac. No. 312; May 13, 1897.

#### 48 Pac. 971.

Appeal—Undertaking.—Where an Appeal is Taken from the Judgment, and also from the order denying a new trial, an undertaking which recites only that it was in consideration of the appeal from the judgment is ineffectual as to the appeal from the order.

Appeal—Time for Taking.—Under Code of Civil Procedure, section 939, providing that an exception to the decision or verdict on the ground that it is not supported by the evidence cannot be reviewed unless the appeal from the judgment is taken within sixty days after its rendition, the judgment must be affirmed where only ground urged on an appeal not taken within sixty days is that the evidence was insufficient to sustain certain findings of fact.[1]

APPEAL from Superior Court, King County; Justin Jacobs, Judge.

Action by one Rhoads and others against one Gray and others. From a judgment in favor of defendants and from an order denying a new trial plaintiffs appeal. Affirmed.

Horace L. Smith for appellants; J. A. Hannah and M. L. Short for respondents.

PER CURIAM.—At the hearing of this cause the appeal from the order denying a new trial was dismissed for want of an undertaking upon such appeal, the $300 undertaking for costs which was filed herein reciting only that it was in consideration of the appeal from the judgment: Duncan v. Times-Mirror Co., 109 Cal. 602, 42 Pac. 147. The only

---

[1] Cited and followed, with other California cases, in Sucker State Drill Co. v. Brock, 18 N. D. 599, 120 N. W. 758, applying them as authority on a statute of North Dakota in close accord with that of California.

ground urged by the appellants in support of the appeal from the judgment is that the evidence was insufficient to sustain certain findings of fact; but, as the appeal was taken more than sixty days after the rendition of the judgment, we are precluded from the examination of that question: Code Civ. Proc., sec. 939. The judgment appealed from was rendered February 14, 1896, and the appeal therefrom was taken November 5, 1896. The judgment is affirmed.