SUCKER STATE DRILL COMPANY, A CORPORATION, V. R. J. BROCK
AND R. L. RICHARDSON, AS INDIVIDUALS AND AS A CO-PART-
NERSHIP, DOING BUSINESS UNDER THE FIRM NAME OF BROCK
& RICHARDSON.

Opinion filed April 14, 1909.

**Appeal and Error — Appeal Bond — Review of Two or More Decisions.**

On an appeal both from a final judgment and from an order deny-
ing a new trial, but one undertaking is required to perfect such ap-
peals; but such undertaking must refer to each of the appeals, and, if
it merely recites the appeal from the judgment, the appeal from the
order is ineffectual, and may be dismissed on motion.

Appeal from District Court, McHenry county; *Goss, J.*

Action by the Sucker State Drill Company against R. J. Brock
and R. L. Richardson, individually and as the firm of Brock & Rich-
ardson.

Judgment for defendants, and plaintiff appeals.

Dismissed.

See also 18 N. D. 8, 118 N. W. 348.

*Christianson & Weber,* for respondents.

FISK, J. Appellant appealed both from a judgment and from an
order denying its motion for a new trial. But one notice of appeal
and one undertaking on such appeal were filed. The undertaking
merely refers to omission to be supplied from 120 N.
W. 75, the appeal from the judgment, no mention being
made of the appeal from the order. Respondents procured from
this court an order to show cause, returnable on the first day of
the present term, requiring appellant to show cause, if any there
be, why its said appeal from the order should not be dismissed
for its failure to give an undertaking as required by law. No
appearance was made by apellant on the return day of the order to
show cause, and no brief has been filed by it in opposition to
the granting of the relief asked by respondent's counsel.

In the light of these facts we are not called upon to determine
whether, under the provisions of section 7224, Revised Codes 1905,
appellant might, on a proper showing of its omission through mis-
take or accident to furnish such undertaking, be permitted to file
one at this time. The language of said section is very broad,

and materially differs from the California section, under which the authorities cited by respondent's counsel were decided. However this may be, we are confronted here with but the single question whether an appeal both from a judgment and an order is effectual as to such order when the only undertaking furnished on the appeal refers exclusively to the judgment. We are agreed that a negative answer must be made to this question. Section 7208 is specific to the effect that, to render an appeal effectual for any purpose, an undertaking must be executed on the part of the appellant, etc. Section 940 of the Code of Civil Procedure of California contains substantially the same provision, and the supreme court of that state has repeatedly held that while a single undertaking will suffice on an appeal from a final judgment, and also from an, order denying a motion for a new trial, nevertheless, where the undertaking makes no reference to the appeal from the order denying a motion for a new trial, such appeal will be dismissed. Duncan v. Times Mirror Co., 109 Cal. 602, 42 Pac. 147, and cases cited; Granger v. Robinson, 114 Cal. 631, 46 Pac. 604; Rhoads v. Gray (Cal.) 48 Pac. 971; Dodge v. Kimple, 121 Cal. 580, 54 Pac. 94.

The reasoning in the foregoing cases meets with our approval, and under such rule it is entirely clear that the appeal from the order is wholly ineffectual; hence respondents' motion to dismiss the same is hereby granted, and such appeal dismissed, with $25 costs. All concur, except MORGAN, C. J., not participating on account of illness.