## MONAHAN v. MONAHAN.

*Divorce and alimony — Allowance for support of children — Juris-diction to modify award — Form of pleading immaterial.*

In a divorce and alimony proceeding, an allowance of a specific sum of money per week for the maintenance of minor children having been granted, the court has power to make such modification of the order as the necessity of the case demands, regardless of the form of the motion by which the necessity is brought to the court's attention.

(Decided April 25, 1921.)

ERROR: Court of Appeals for Hamilton county.

*Mr. William Thorndyke,* for plaintiff in error.
*Mr. John H. Druffel,* for defendant in error.

HAMILTON, P. J. It appears in this case that defendant in error, Ellen Monahan, procured a di-

vorce from the plaintiff in error in the court of domestic relations, together with a decree for alimony and an allowance of $3.50 per week for the maintenance of each of their children, she to have custody thereof. Later, the defendant in error filed a motion asking for an increase in alimony in order to properly clothe and provide for the two minor children. The court considered the motion and increased the allowance for the maintenance of the children from $3.50 to $5.00 per week. Error is prosecuted here seeking to reverse that judgment, urging two grounds: first, that the motion does not allege any changed conditions justifying the increase; second, that all questions with relation to the alimony and maintenance were settled and determined by the decree in the divorce case.

While the motion uses the term "alimony," it is clearly an application for an increase for the maintenance of the minor children. In the divorce decree there was a distinct allowance of $3.50 for the maintenance of each of the children, and it is separate and aside from the award therein of alimony to the wife. Alimony, in its proper significance, is not maintenance to the children, but to the wife. While it is clearly the law that the modification of the decree for alimony must be obtained by an original pleading, setting forth change in the condition of the parties justifying the modification, which changed condition must be established by proof, this requirement in the pleadings is not necessary on the question of the maintenance of minor children. The authority of the court to provide for the maintenance of minor children when husband

and wife are divorced is conferred by Sections 8032, 8033 and 8034, General Code. Where a divorce is granted, it is the duty of the court to make such order for the disposition, care and maintenance of the minor children of such marriage as is just, *regardless of whether such question is presented by the pleadings or not. Bower* v. *Bower,* 90 Ohio St., 172.

The jurisdiction exercised in divorce cases with respect to children is continuing, and the power to modify the order in that respect may be exercised during the minority of the children whenever their welfare requires such modification. Under this continuing jurisdiction, and under the provisions of the statute, it is the duty of the court, for the welfare of the children, as well as of the public, to supervise the disposition, care and maintenance of the minor children.

It would seem under the duty enjoined by the statute that the court has the power to make such modification of the original order as the justice of the case demands, regardless of the form with which the necessity is brought to his attention. In the case of alimony for the support of the wife, it is a personal matter between the parties, while the maintenance of the children is a question concerning the wants and weaknesses of children and the obligation of the father to provide reasonably for their maintenance, as well as a question of responsibility to the public. See *Neil* v. *Neil,* 38 Ohio St., 558, and *Pretzinger* v. *Pretzinger,* 45 Ohio St., 452.

The conclusion is that the court had the right to consider upon the motion the welfare of the chil-

dren, their maintenance and support. His judgment thereon should be, and is, affirmed.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.