THE CITY OF YOUNGSTOWN v. ARNOLD.

*Municipal corporations—Home rule—Section 3, Article XVIII, Constitution—Regulating places selling beverages—Local police regulations—Constitutional law.*

1. A municipal corporation has power to pass an ordinance regulating places where beverages are sold.
2. Section 3, Article XVIII of the Constitution of Ohio, is self-executing.
3. The doctrine of the first paragraph of the syllabus of *State, ex rel. Toledo, v. Lynch, Auditor,* 88 Ohio St., 71, has been impliedly overruled by subsequent opinions of the supreme court.

(Decided October 21, 1921.)

ERROR: Court of Appeals for Mahoning county.

*Mr. J. H. Leighninger,* for plaintiff in error.
*Messrs. Moore, Barnum & Hammond,* for defendant in error.

MAUCK, J. (of the Fourth Appellate District, sitting in place of FARR, J.). The defendant in error, Jay Arnold, sought and obtained by writ of *habeas*

*corpus* in the common pleas his release from arrest under an affidavit and warrant charging him with violation of the provisions of an alleged ordinance of the city of Youngstown. The judgment below was predicated upon the determination of that court that the ordinance under which the accused was arrested was void, in that no power had been conferred upon the city to pass an ordinance of the kind in question. The city prosecutes error to the judgment so rendered, and we are now called upon to determine whether the city had power to enact such ordinance.

The ordinance, entitled ''An ordinance providing for the licensing of all places where beverages are sold as such, regulating the same and providing a penalty for violation,'' was passed in 1920. The first section reads as follows:

''That no place shall be operated, maintained or conducted within the city of Youngstown where beverages are sold as such, without first having obtained from the Mayor a license permitting the same.''

Then follow certain regulatory features, the requirement of an annual license fee of one dollar, provision for the revocation of the license, and a penalty clause prescribing a fine not exceeding one hundred dollars for a violation of the ordinance.

In *Ravenna* v. *Pennsylvania Co.*, 45 Ohio St., 118, it was authoritatively determined that municipal corporations in Ohio possessed only such powers as were granted them by law and such as might be implied as essential to some power so expressly granted. No statutory provision has been pointed out that confers express power upon a municipal corporation to regulate soft-drink establishments. In

*Sullivan* v. *City of Wellston*, 12 C. C., N. S., 108, decided in 1909, the circuit court of Jackson county held that there was neither express nor implied authority for the municipal regulation of such establishments. The power to impose regulations of this kind, therefore, proceeds from the home-rule amendment to the State Constitution, adopted in 1912, and made effective November 15th following, or such power does not exist. Section 3 of that amendment (Article XVIII) reads as follows:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

The provision was first considered by the supreme court in *State, ex rel. Toledo*, v. *Lynch, Auditor*, 88 Ohio St., 71. The first paragraph of the syllabus in that case holds against the theory that Section 3 is self-executing, and decides that the general laws in force for the government of municipalities at the time the amendment was adopted continue in force until changed by statute or until the municipality adopts a charter by vote of its electors. This proposition met with vigorous dissent from a minority of the court, but we are bound by the holding unless the supreme court has either directly or indirectly subsequently abandoned the position thus taken.

The decision has not been expressly overruled nor its doctrine directly repudiated.

In *City of Fremont* v. *Keating*, 96 Ohio St., 468, the question was again before the court. In this case Judge Donahue, who had refused to concur in the first paragraph of the syllabus in the *Lynch case*, says that a statute that limits the power of a munici-

pality to adopt and enforce police regulations not in conflict with general statute is unconstitutional. The first paragraph of the syllabus reads:

"Section 6307, General Code, is in direct conflict with the provisions of Section 3 of Article XVIII of the Constitution of Ohio, authorizing municipalities to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws, and is therefore unconstitutional and void."

No mention is made of the *Lynch case*, but it is clear that the syllabi in the two cases are irreconcilable. It does not appear whether or not the city of Fremont, whose ordinance was thus under consideration, was a charter city, but in any event the syllabus is broad enough to comprehend all municipal corporations whether operating under a special charter or under the general statute. And the syllabus states the law. *State* v. *Hauser*, 101 Ohio St., 404, 407.

In *Greenburg* v. *City of Cleveland*, 98 Ohio St., 282, the court was considering an ordinance of the city of Cleveland. Cleveland, of course, is a charter city, but the opinion written by Judge Donahue does not disclose the fact to be of consequence. Certain statutes were also cited as justifying the ordinance then under attack. The opinion, at page 286, reads:

"The disposition of this case, however, does not depend upon the construction of these statutes conferring police powers upon municipalities. Section 3, Article XVIII of the Constitution of Ohio, as amended September 3, 1912, confers specifically upon municipalities the authority 'to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws.' "

The first paragraph of the syllabus, ignoring all distinctions between charter and other cities, broadly declares the law thus:

"Section 3 of Article XVIII of the Constitution of Ohio specifically authorized municipalities 'to adopt and enforce within their limits, such local police * * * regulations, as are not in conflict with the general laws.' "

While the *Lynch case* in other respects is elsewhere and later referred to in the opinions of the supreme court, the doctrine laid down in the first paragraph of that syllabus has never been reiterated by that court. The position taken by the court in the *Fremont* and *Greenburg cases* stands as the last word on the subject and in our judgment is controlling to the exclusion of the doctrine of the earlier case.

Section 3, Article XVIII of the Constitution, therefore is self-executing and confers upon the municipalities of the state all the powers of local self-government not in conflict with general laws. There is no statute which inhibits the passage of an ordinance of the character of the one in issue. The ordinance was therefore valid, and the arrest and detention of the prisoner were legal. His petition in *habeas corpus* should have been denied.

The judgment of the court of common pleas in ordering the release of the prisoner is reversed, and this cause is remanded for further proceedings.

*Judgment reversed, and cause remanded.*

POLLOCK and ROBERTS, JJ., concur.