CORBETT *v.* CORBETT.

(Decided February 27, 1930.)

*Mr. Carl M. Myers,* for plaintiff in error.
*Messrs. Nelan & Walsh,* for defendant in error.

WASHBURN, J. This is a proceeding in error to review a judgment of the common pleas court modifying a former judgment of said court relating to the allowance for the maintenance and support of minor children, entered in a case where a divorce was granted to Emma Corbett, the defendant, on her cross-petition, for the aggressions of her husband, Edward F. Corbett, who was the plaintiff.

The original decree, entered on May 10, 1919, after granting the divorce to the wife, reads, in substance, as follows: "Coming now to the question of the property rights of the parties and the custody of their said children, the court finds that the parties hereto have heretofore entered into a contract, adjusting between themselves their property rights and their respective rights with respect to their chil-

dren and the custody and support thereof, and the court finding that said contract is reasonable, he hereby approves the same and adopts the same as a part of this decree; and in accordance therewith it is further ordered, adjudged and decreed'' that the wife should have the custody of their two minor children and that the husband should have a right of visitation.

The decree then provides: ''It is further ordered, adjudged and decreed that plaintiff pay to the defendant the sum of $5 per week for the support and maintenance of said children, such payments to continue until the younger of said children shall reach the age of 16 years.''

It then further provides that certain household goods, which are specifically described in the decree, should be the property of the wife. The decree contains a further provision as follows: ''It is further ordered and decreed that on compliance by said parties with the terms of this decree, each of said parties shall be released of all obligations to the other, growing out of their marital relation, and each shall have, own and possess any property, real or personal, now owned by him or her or hereafter by him or her acquired, free from any right, title or interest of the other therein, and each shall be barred forever from asserting any right or title to the property of the other or to his or her distributive share of the estate of the other, in the event of the other's death.''

On April 12, 1929, the wife filed in said action a motion asking the court ''for an order modifying the orders and decree of this court originally made in the above-entitled action in respect to the amount

payable by Edward Corbett for the support of his children, Marcella and William Corbett."

Notice was served upon the husband that the motion would be heard upon the 22d day of April, 1929, and upon that day the parties appeared, represented by counsel, and a hearing was had, and on May 20, 1929, the court ordered that "Edward F. Corbett pay to the said defendant the sum of $5 per week for the support of *each* of the minor children of the parties hereto, until the younger child reaches the age of 16 years;" and, upon the oral motion made by the husband at that hearing, the court refused to change the custody of said children.

On May 22, 1929, a motion for a new trial, or rehearing, was filed, which was overruled by the court on June 19, 1929.

It is conceded by counsel that ordinarily a judgment for the maintenance and support of minor children, which has been entered in a case where the marital relation of the parents is dissolved, is subject to modification by the court after the term at which the decree was made, if changed conditions warrant such modification, but it is claimed in this case that, the terms of the original decree as to support and maintenance of the children having been fixed by agreement of the parties, and with the approval of the court carried into the decree, such decree is not subject to modification because of changed conditions.

The power of the court to award alimony, payable in installments, determine the custody of children, and to make orders for their support, is conferred upon the court by statute, and by judicial interpretation of that power it has been definitely

established that the court has a continuing jurisdiction and may modify such orders, after term, if it finds that changed conditions warrant such modification, regardless of whether there is reservation of authority to modify in the decree. *Neil* v. *Neil,* 38 Ohio St., 558; *Hoffman* v. *Hoffman,* 15 Ohio St., 427; *Olney* v. *Watts,* 43 Ohio St., 499, 3 N. E., 354; *State, ex rel. Crawford, Exr.,* v. *Indus. Comm.,* 110 Ohio St., 271, at page 282, 143 N. E., 574; *Monahan* v. *Monahan,* 14 Ohio App., 116.

However, the courts recognize that alimony for the support of the wife is a personal matter between the parties, as to which they may agree, subject to the approval of the court, and, when such agreement is made, and the court approves the same, and enters an order in accordance therewith, the court does not have continuing jurisdiction in reference thereto, and is without power, after term, to modify the same, except for reasons, such as fraud or mistake, which are applicable alike to all judgments of the court. *Law* v. *Law,* 64 Ohio St., 369, 60 N. E., 560.

The situation is vastly different as to orders of the court in reference to the support and custody of children.

While the agreement of the parties as to support and custody of children may be approved by the court and an order made in accordance therewith, the court has continuing jurisdiction, and may modify said order after term. *Connolly* v. *Connolly,* 16 Ohio App., 92.

When application is made to modify such order, the court will give due consideration to the agree-

ment of the parties, but the jurisdiction of the court is not affected thereby.

Public policy supports such conclusion. It is a cardinal principle that courts, in determining which parents should be intrusted with the custody of children, are governed largely by a consideration of what is for the best interests of the children, and if, because of changed conditions, a decree fixing custody should be modified in order to promote the best interests of the children, an agreement of the parties should not be permitted to have the effect of depriving the court of the power to control the custody of the children; the matter of support is an important factor in determining the question of custody, and should be subject to like continuing jurisdiction, and, furthermore, a specific obligation to support children is imposed by statute (Section 7997, General Code), and it would be unwise to deprive the court of the power to enforce the observance of such statutory duty in a civil action—criminal prosecution (*Bowen* v. *State,* 56 Ohio St., 235, 46 N. E., 708) being inadequate to accomplish that purpose.

The order requiring the husband to pay a certain sum for the support of his children is made for the benefit of the children, and the application to modify such order by increasing the allowance is in the interest of the children, who are wards of the court, and is not merely for the profit of the wife. The terms of the agreement and the circumstances may be such as to cause the court to refuse to modify; but the mere existence of an agreement does not affect the court's power to determine the question of modification.

326

In this case the contract which the decree recites was entered into by the husband and wife is not shown in the evidence, and, from what appears in the decree in reference to said contract, it is uncertain whether the wife agreed to support the children if the husband would pay $5 a week towards their support, or only agreed that the order of the court should be that the husband should pay said amount. Upon the evidence that was before the court, we do not find that the court erred in modifying its former decree. Holding that the court had power to so do, the judgment is affirmed.

*Judgment affirmed.*

FUNK, P. J., and PARDEE, J., concur.