## DIETZ v. DIETZ.

No. 7398.

Supreme Court of North Dakota.

July 23, 1954.

Rehearing Denied Aug. 25, 1954.

Emil A. Giese, Carson, R. J. Bloedau, Mott, for plaintiff and appellant.

W. J. Austin, Bismarck, for defendant and respondent.

BURKE, Judge.

Here there are three appeals in one action. The plaintiff obtained a default judgment of divorce from the defendant on February 1, 1952. This judgment decreed a property settlement between the parties in accordance with the terms of their written agreement which was filed in the action. Upon the petition and affidavits of the defendant, the trial court on March 28, 1952, issued its order requiring the plaintiff to show cause why the judgment in so far as the property settlement was concerned, should not be vacated, why the contract between the parties should not be voided upon the ground of fraud and why the question of an equitable property settlement should not be adjudicated anew. After a hearing upon the order to show cause the trial court, on April 12, 1952, made its order reopening the action in so far as the property settlement was concerned upon the condition that defendant, as part of her rescission of the contract of settlement, deposit with the clerk of court, the proceeds of the settlement which she had received. Thereafter a further hearing was had and the trial court gave judgment awarding the defendant one half of the property of the parties, fixing the value of the half share at the sum of $19,140, and giving the parties time in which to agree upon a division of the property. This judgment was entered

upon November 15, 1952. Thereafter on April 8, 1953, the parties having failed to agree upon a division of the property a supplemental judgment was entered decreeing a division of the property. On May 22, 1953, plaintiff took separate appeals from the order reopening the action, from the judgment entered on November 15, 1952, and from the judgment entered upon April 8, 1953.

Before reaching the merits of the case there are two motions to be considered. The first of these is defendant's motion to dismiss the appeals. The first ground urged for dismissal is that only one undertaking was filed for the three separate appeals. The undertaking is as follows:

"Undertaking on Appeal
(to Supreme Court)"

"Whereas a 'Modified and Supplemental Judgment and Decree' was dated and entered in said action on November 15, 1952, and a 'Supplemental Judgment' was dated and entered in said action on April 8th, 1953, and a certain 'Order' was entered and filed in said action on April 22, 1952, and the Plaintiff feels aggrieved thereby, and intends to appeal and is taking an appeal from said Judgments and from said Order and each of them, to the Supreme Court of North Dakota, and Plaintiff intends this instrument as an undertaking for costs on such appeals as well as an undertaking to stay execution on appeal.

"Now Therefore to render such appeals effective and in force, and in order to stay the execution of said Judgments on appeal, the undersigned Reinhold Dietz as Plaintiff in said action, as Principal, and Wm. Dietz and Gottlieb Lippert as sureties, do hereby for good consideration, undertake, promise and agree to and with the Defendant and the Plaintiff-Appellant will pay to the Defendant all costs and damages which may be awarded against the Plaintiff on appeal on said appeals or a dismissal thereof, not exceeding seven-hundred-fifty dollars ($750.00), and we also further undertake promise and agree that if the judgments and order appealed from, or any part thereof, is affirmed, the Plaintiff-Appellant will pay the amount directed to be paid by the judgments, or the part of such amount as to which the said judgments or judgment shall be affirmed if it is affirmed only in part, and all damages which shall be awarded against the Plaintiff-Appellant on appeal as hereinabove set forth.

"Dated at Mott, North Dakota, this 22nd day of May, 1953.

"Reinhold Dietz,
Principal,
"Wm. Dietz,
Surety,
"Gottlieb Lippert,
Surety."

Section 28–2709 NDRC 1943 provides:

"To render an appeal effectual for any purpose, an undertaking must be executed on the part of the appellant by at least two sureties to the effect that appellant will pay all costs and damages which may be awarded him on appeal not exceeding two hundred fifty dollars."

■ We are of the opinion that the undertaking in this case complies with the statute. All the appeals are in one action. The undertaking specifically describes the order and the two judgments from which the appeals have been taken. The condition is that the appellant will pay all costs that may be awarded in any or all the appeals in a sum not exceeding three times the amount fixed by statute for one appeal. The undertaking clearly gives the defendant all the protection contemplated by the statute.

■ Where there is more than one appeal in a single action, separate undertakings are not necessary if the undertaking adequately describes the matters appealed from and is in a sufficient amount to comply with the statute. Sucker State Drill Co. v. Brock, 18 N.D. 598, 120 N.W. 757.

The second ground urged for dismissal is that the appeals from the order of April 12, 1952, and from the judgment of November 15, 1952, were not timely taken.

Section 28–2704, NDRC 1943 provides:

"An appeal from a judgment may be taken within six months after the entry thereof by default or after written notice of entry thereof, in case the party against whom it is entered has appeared in the action, and from an order within sixty days after written notice of the same shall have been given to the party appealing."

 This statute is clear. Where a party has appeared in an action, the time for appeal from a judgment or order does not commence to run until written notice of entry thereof has been given. Prescott v. Brooks, 11 N.D. 93, 90 N.W. 129; King v. Hanson, 13 N.D. 85, 99 N.W. 1085. We have carefully searched the entire record for some evidence of such written notice and find none. We must therefore hold that this objection to the appeals is wholly unfounded.

The third challenge to the sufficiency of the appeals is that no demand for a trial de novo is incorporated into the settled statement of the case; that there is no sufficient specification of the insufficiency of the evidence and that there is therefore nothing for the court to review. Defendant's counsel is mistaken as to the facts in connection with this contention. The order of the trial court settling the statement of the case specifically incorporates a demand for a trial de novo in the statement of the case.

 Defendant also moved to strike a portion of the statement of the case, upon the ground that the statement of the case contains matter which is not a part of the statement of the case as defined by statute. On its face such a motion is too indefinite and uncertain to warrant any consideration.

Upon the merits plaintiff contends generally upon all three appeals that the trial court, upon the evidence submitted, was without authority to reopen the judgment or modify its provisions with respect to the division of the property of the parties.

The parties were married in January 1937. There were two children, issue of the marriage, Virgil, born July 27, 1939 and, Russel, born May 16, 1950. Differences between the parties brought about a separation in 1951. On December 5, 1951, they entered into an agreement for a division of their property and for the custody of the children. By the terms of the agreement defendant was to receive $11,200 and all of the household furniture and furnishings, or cash and property of a value in excess of $13,000. She was to receive the custody of the younger child. On December 15, 1951 plaintiff commenced this action for divorce by causing a summons to be served upon the defendant personally. The defendant defaulted and after a trial of the action on January 24, 1952, a judgment of divorce in favor of the plaintiff, which adjudged a division of the property in accordance with the terms of the agreement, was entered on February 1, 1952.

 Upon the hearing upon the order to show cause why the judgment should not be reopened, the trial court found that there had been no fraud or duress in connection with the property settlement as had been alleged by the defendant. We believe this finding to be correct. Defendant's affidavit in support of her petition contains some statements which on the face of the record before us are not true and others which are reckless exaggerations. Considering the affidavit as a whole we cannot accept it as credible.

The trial court did find, however, that it was the purpose of the parties, at the time the agreement was made, to divide all of their property equally between them and that there had been no meeting of the minds upon the question of values. He found that the value of all of the property of the parties was $38,280 and ordered the judgment amended to provide that plaintiff should pay to defendant the sum of $19,140.

■ We find no evidence in the record whatever to support a finding that "parties purposed to divide the property equally between them." There is no evidence that any particular share which defendant was to receive or that the value of any particular asset was ever mentioned in the negotiations for settlement. There are no circumstances, which, in our view would justify such an inference and the fact that defendant was to receive property and cash of a value in excess of $13,000 or a little more than one third of the estate would indicate that there was no overreaching on the part of the plaintiff.

■ In the case of Sinkler v. Sinkler, 49 N.D. 1144, 194 N.W. 817, this court discussed at length the nature and effect of a judgment in a divorce case which made a final distribution of the estate of the parties. We there held that such a judgment may not be modified except in the same manner and upon the same grounds as other judgments. We are of the opinion that the judgment entered in this case is such a judgment. The judgment provides that the defendant shall be awarded certain described personal property and that all other personal property owned by the parties shall be awarded to the plaintiff. It provides that all the real property of the parties, itemizing it by specific description, shall be awarded to the plaintiff. It provides that the plaintiff shall pay to the defendant the sum of $11,200, of which $6,200 was to be paid at the time of the entry of the judgment and the balance of $5,000 in equal annual installments. It impressed a lien upon certain of the real property assigned to the plaintiff as security for these deferred payments and it provided that upon compliance with the terms of the judgment the plaintiff shall be forever released of any and all further obligations of every kind and description for any property or alimony.

In view of these provisions of the judgment we have no doubt but that it was intended to and did decree a final distribution of the estate of the parties. It follows, that in the absence of fraud or duress the trial court was without authority to modify that judgment.

■ The suggestion has been made in defendant's brief that the modification of the judgment could be sustained upon the theory that the additional award could be considered as an allowance for the support of the minor child in the custody of the defendant. As to this suggestion we think it sufficient to say that defendant's petition was made entirely in her own behalf and not in behalf of the child in her custody. There is no question but that the parties to a divorce may not by contract deprive a child of its right to support from either parent or that a judgment decreeing a property settlement will have that effect. It remains within the power of the court to make additional allowance for the support of the child in the custody of the defendant when and if it is needed. Nelson, Divorce and Annulment 2d Vol. 2, § 1703; Metson v. Metson, 56 Cal.App.2d 328, 132 P.2d 513; Corbett v. Corbett, 36 Ohio App. 321, 173 N.E. 316, affirmed 123 Ohio St. 76, 174 N.E. 10.

The judgments and the order appealed from are reversed.

MORRIS, C. J., and SATHRE and GRIMSON, JJ., concur.

JOHNSON, J., did not participate.