**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4448-19

ERIN MAFFUCCI and
ANTHONY MAFFUCCI,

     Plaintiffs-Appellants,

v.

SIMPLY STORAGE
BARNEGAT, LLC,

     Defendant-Respondent.

_____

Argued January 27, 2021 – Decided  February 24, 2021

Before Judges Whipple, Rose and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-2020-19.

Jay B. Bohn argued the cause for appellants (Schiller, Pittenger & Galvin, PC, attorneys; Kieran M. Dowling, of counsel and on the briefs; Jay B. Bohn, on the briefs).

Christine D. McGuire argued the cause for respondent (Turner O'Mara Donnelly & Petrycki, PC, attorneys; Linton W. Turner, Jr., of counsel; Christine D. McGuire, on the brief).

PER CURIAM

Plaintiffs Erin Maffucci and Anthony Maffucci appeal from an August 7, 2020 Law Division order, compelling arbitration and staying litigation of their claims against defendant Simply Storage Barnegat, LLC. Because the motion judge neglected to make any meaningful findings of fact or conclusions of law in support of the order, we are constrained to reverse and remand for further proceedings.

We summarize the facts from the limited record before the motion judge. Plaintiffs are husband and wife. On July 9, 2018,[1] plaintiffs rented a unit from defendant to store their personal property from that date until April 2019, when they anticipated moving into their new home. According to plaintiffs, defendant represented that their unit was climate controlled. Erin Maffucci signed the agreement, which contained the arbitration provisions at issue.

Between July 9, 2018 and December 2018, plaintiffs made several trips to the unit and did not notice any issues with their stored items. Plaintiffs did not return to the unit until April 6, 2019, after their moving company observed mold growth on their personal property. Plaintiffs thereafter hired a mold remediation

---

[1] The contract is dated June 29, 2018. The parties do not dispute that defendant rented the unit to plaintiffs "on or about July 9, 2018" and, as such, the contract was backdated.

A-4448-19

specialist, who observed condensation dripping from the ceiling. An air test revealed an elevated presence of aspergillus, a mold known to cause respiratory infections. Upon advice of their mold specialist, plaintiffs discarded all property that had been stored in the unit.

Plaintiffs thereafter filed a seven-count complaint against defendants on behalf of themselves and a putative class of similarly situated individuals,[2] asserting claims under the Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14 to 49.1, the Consumer Fraud Act, N.J.S.A. 56:8-1 to -20, and common law claims, including fraud, negligence, breach of contract, and breach of the implied covenant of good faith and fair dealing. Plaintiffs sought statutory penalties and declaratory relief on their class action claims, and compensatory and punitive damages, interest, attorney's fees, and costs of suit on all claims.

Defendant answered the complaint and filed a counterclaim, contending the parties agreed to resolve their disputes through binding arbitration under the terms of the rental agreement. The parties exchanged paper discovery limited to plaintiffs' pre-certified class action claims. When settlement negotiations failed, defendant moved to stay the litigation and compel arbitration. Defendant

---

[2] The class has not been certified.

 A-4448-19

argued the parties agreed to waive their rights to a jury trial and "to bring or participate in any class action."

To support its motion, defendant relied upon the following provisions of the rental agreement[3]:

> **JURY TRIALS**: You and We agree to waive each of our respective rights to a trial by jury of any cause of action, claim, counterclaim, or cross-complaint in any action arising out of or connected in any manner with this Rental Agreement, including any action for bodily injury, death, or property damage.
>
> **ARBITRATION**: In the event of any dispute between the parties, the parties agree that all claims shall be resolved by final and binding arbitration in front of a single mutually agreeable arbitrator. Each party shall bear its own costs and fees, including travel expenses, out-of-pocket expenses (including, but not limited to, copying and telephone), witness fees, and attorneys' fees and expenses. The fees and expenses of the arbitrator, and all other costs and expenses incurred in connection with the arbitration, shall be shared and borne equally by the Lessor and Tenant. The decision of the arbitrator shall be final and binding. Arbitration shall be commenced by making written demand on the other party by certified mail within the appropriate prescriptive periods (statute of limitations) set by law. The demanding Party must provide the other Party a demand for arbitration that includes a statement of the basis for the dispute, the names and addresses of the Parties involved, and the amount of monetary damages involved and/or any other remedy sought. The parties

---

[3] Plaintiffs contend the font used in the arbitration provisions is "9-point arial." Defendants note the entire agreement uses the same font style and size.

A-4448-19

shall select the arbitration company from a list of approved arbitration companies located within 15 miles of the Facility. The arbitration will be conducted under the arbitration company's rules in effect at the time of arbitration.

**The parties agree that by entering into this Agreement, they are expressly waiving their right to a jury trial and their right to bring or participate in any class action or multi-plaintiff action in court or through arbitration and agree that this waiver is an essential term of this arbitration clause.**

In view of the ongoing COVID-19 pandemic, oral argument was conducted virtually, commencing on May 22, 2020. Defendant argued the terms of the jury trial and arbitration clauses were "clear and unambiguous." During colloquy with plaintiff's counsel, the motion judge noted: "The contract clearly states you're waiving your right to a jury trial." The judge instead was "troubled" by the process for selecting an arbitrator under the terms of the agreement.[4] Noting the parties had discussed the possibility of resolving the matter, and with their consent, the judge carried the motion to June 19, 2020.

---

[4] The present matter was decided before the Supreme Court issued its September 11, 2020 decision in <u>Flanzman v. Jenny Craig, Inc.</u>, 244 N.J. 119 (2020). In <u>Flanzman</u>, the Court held that "an arbitration agreement may bind the parties without designating a specific arbitrator or arbitration organization or prescribing a process for such a designation," thereby reversing this court's decision, which was cited by the parties at the hearing. <u>Id.</u> at 125. On appeal, plaintiff has not raised any issues concerning the selection of an arbitrator.

A-4448-19

During the June 19 hearing, plaintiff again argued the terms of the arbitration provision were not clear because they did not explain the term "arbitration" or "how arbitration is different from court."  Again, during colloquy, the judge indicated he was not "struggling on that issue," but rather with approval process for arbitrators as it related to the selection process here.  The judge adjourned the hearing to afford defense counsel the opportunity to provide that information.

At the outset of the final hearing on July 24, 2020, the motion judge reiterated that he "ha[d] already made a determination that the arbitration agreement is clear and that it indicates an obligation of the parties to . . . arbitrate."  The hearing again focused instead on the selection of an arbitrator.  At the conclusion of the hearing, the judge carried the motion for an additional fourteen days so the parties could "come up with an arbitrator" and "hopefully" resolve the matter.

On August 7, 2020, the judge issued the order compelling arbitration and staying the litigation.  Prior to the August 13, 2020 return date to select an arbitrator, plaintiffs filed their appeal with this court and the motion judge cancelled the final hearing.

6

On appeal, plaintiffs raise four points for our consideration. Procedurally, plaintiffs contend the judge's order was not accompanied by any findings of fact or conclusions of law, contrary to Rule 1:7-4, thereby requiring a remand. Substantively, plaintiffs challenge the enforceability of the arbitration clause, reprising their arguments that the provision "does not clearly and explicitly waive the right to sue in court"; does not "refer to plaintiffs' statutory claims"; and does not comply with the Plain Language Law, N.J.S.A. 56:12-1 to -13. Because we agree a remand is warranted, we need not reach plaintiffs' substantive contentions on this appeal.

We review orders permitting or denying arbitration de novo because "[t]he enforceability of arbitration provisions is a question of law . . . ." Goffe v. Foulke Mgmt. Corp., 238 N.J. 191, 207 (2019). Accordingly, "we need not defer to the trial judge's interpretative analysis" unless it is "persuasive." Kernahan v. Home Warranty Admin. of Fla., Inc., 236 N.J. 301, 316 (2019).

Notwithstanding our de novo standard of review, "our function as an appellate court is to review the decision of the trial court, not to decide the motion tabula rasa." Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298, 302 (App. Div. 2018). Indeed, we have recognized "[t]he duty to find facts and state conclusions of law is explicit in R[ule] 1:7-4, . . . and mandated where

there is an appeal by R[ule] 2:5-1(b)." Matter of Will of Marinus, 201 N.J. Super. 329, 339 (App. Div. 1985).

Pursuant to Rule 1:7-4(a), "[t]he court shall . . . find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right[.]" See Allstate Ins. Co. v. Fisher, 408 N.J. Super. 289, 300-01 (App. Div. 2009). Under Rule 2:5-1(b), when the trial judge has failed to comply with Rule 1:7-4, the judge "shall" issue "a written opinion stating findings of fact and conclusions of law." See also Allstate, 408 N.J. Super. at 300. "The purpose of the rule is to make sure that the court makes its own determination of the matter." In re Tr. Created by Agreement Dated Dec. 20, 1961, by & between Johnson and Hoffman, Lienhard and Perry, 399 N.J. Super. 237, 254 (App. Div. 2006).

"When a trial court issues reasons for its decision, it 'must state clearly [its] factual findings and correlate them with relevant legal conclusions, so that parties and the appellate courts [are] informed of the rationale underlying th[ose] conclusion[s].'" Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 594 (App. Div. 2016) (alteration in original) (quoting Monte v. Monte, 212 N.J. Super. 557, 565 (App. Div. 1986)). When that is not done, a reviewing court does not know whether the judge's decision is based on the facts and law or is the product

of arbitrary action resting on an impermissible basis. See Monte, 212 N.J. Super. at 565. "[A]n articulation of reasons is essential to the fair resolution of a case." O'Brien v. O'Brien, 259 N.J. Super. 402, 406 (App. Div. 1992).

The task presented to the motion judge by the parties' competing positions was clear. When a motion to compel arbitration is filed, a court must conduct "a two-step inquiry into (1) whether a valid agreement to arbitrate exists and (2) whether the particular dispute falls within the scope of that agreement." Trippe Mfg. Co. v. Niles Audio Corp., 401 F.3d 529, 532 (3d Cir. 2005). "Although arbitration is traditionally described as a favored remedy, it is, at its heart, a creature of contract." Kimm v. Blisset, LLC, 388 N.J. Super. 14, 25 (App. Div. 2006) (citations omitted). "Thus, courts examine arbitration provisions on a case-by-case basis." Waskevich v. Herold Law, P.A., 431 N.J. Super. 293, 298 (App. Div. 2013) (internal quotation marks omitted).

Plaintiffs challenged the validity of the arbitration provisions and argued their statutory disputes were not encompassed by those provisions. Although during colloquy at all three hearings, the motion judge summarily stated the terms of the arbitration provisions were clear and obligated the parties to arbitrate their disputes, the judge made no factual or legal findings whatsoever as to the issues the parties raised. See Pardo v. Dominquez, 382 N.J. Super. 489,

492 (App. Div. 2006) (rejecting "the suggestion that a judge's comment or question in a colloquy can provide the reasoning for an opinion which requires findings of fact and conclusions of law").

We realize the hearings focused on the selection of an arbitrator. However, there is no indication in the order granting defendant's motion that confirms the judge made an independent decision based upon an analysis of the facts and applicable law. Under these circumstances, we have no alternative but to vacate the August 7, 2020 order, and remand this matter to the trial court to enter a new order, together with a written or oral statement of reasons addressing all issues raised by the parties in conformity with Rule 1:7-4. In remanding this matter, we do not suggest a preferred result, but only that the trial court fulfill its duty to the parties to fully address the factual and legal arguments presented in this case.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4448-19