**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2979
_____

CURTIS STABILE

v.

MACYS, INC.; FELECIA GREEN-HALL, Individually; JOHN DOES I-X, (being a
number yet undetermined and being persons or corporations, whose identities are
unknown)

Macys, Inc.; Felecia Green-Hall,
                                                Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:22-cv-06776)
District Judge: Honorable Michael E. Farbiarz

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 12, 2025

Before: RESTREPO, McKEE, and AMBRO, *Circuit Judges*

(Opinion filed: March 4, 2026)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

McKEE, *Circuit Judge.*

Macy's, Inc. and Felecia Green-Hall appeal the District Court's denial of their motion to compel arbitration. For the reasons that follow, we will reverse the District Court's order and remand with instructions that it grant Appellants' motion to compel.

**I.**[1]

Appellants' renewed motion came after the parties had completed a period of discovery as to the existence of a valid and enforceable arbitration agreement. We therefore must determine if Appellants have "show[n] that there is no genuine dispute as to any material fact and [Appellants] [are] entitled to" an order compelling arbitration "as a matter of law."[2]

When analyzing a motion to compel arbitration, courts engage in "a two-step inquiry into (1) whether a valid agreement to arbitrate exists and (2) whether the particular dispute falls within the scope of that agreement."[3] The Federal Arbitration Act, which governs the parties' agreement,[4] "instructs courts to refer to principles of

---

[1] We have jurisdiction to review the District Court's denial of Appellants' motion to compel arbitration under 9 U.S.C. § 16(a)(1)(B). We review a denial of a motion to compel arbitration *de novo*, applying the same standard as the District Court. *Puleo v. Chase Bank USA, N.A.*, 605 F.3d 172, 177 (3d Cir. 2010).
[2] *Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013) (quoting Fed. R. Civ. P. 56(a)).
[3] *Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529, 532 (3d Cir. 2005).
[4] The employment arbitration agreement at issue comfortably falls within the scope of the FAA. *See EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002) ("Employment contracts, except for those covering workers engaged in transportation, are covered by the FAA").

applicable state law when determining the existence and scope of an agreement to arbitrate."[5]

## II.

The parties dispute whether Appellee Curtis Stabile and Macy's entered into a valid agreement to arbitrate Stabile's claims. "To determine whether the parties have agreed to arbitrate, we apply ordinary state-law principles that govern the formation of contracts."[6] Under New Jersey law,[7] "the fundamental elements of contract formation are mutual assent, offer and acceptance, and consideration."[8]

The District Court, seemingly misapprehending Appellants' argument, construed Macy's "offer" to be a combination of "certain 2003 Company communications, plus the Company's 2004 'plan document,' and also some slightly later materials."[9] The District Court found the offer to be "deeply confused or even internally contradictory on the key question . . . of whether arbitration was or was not mandatory."[10] We disagree. We read Appellants' Plan Document standing alone as its offer to Stabile to arbitrate all

---

[5] *Trippe Mfg. Co.*, 401 F.3d at 532 (citing *Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 475 (1989)).
[6] *Century Indem. Co. v. Certain Underwriters at Lloyd's, London, subscribing to Retrocessional Agreement Nos. 950548, 950549, 950646*, 584 F.3d 513, 524 (3d Cir. 2009) (citation modified).
[7] We agree with the parties that there is no choice of law dispute to be resolved. Accordingly, we will apply New Jersey law in our analysis.
[8] *Fazio v. Altice USA*, 337 A.3d 304, 311 (N.J. 2025) (citation modified).
[9] App. 6.
[10] App. 15.

employment-related claims.[11]  The Plan Document constitutes a valid and enforceable agreement to arbitrate Stabile's claims under New Jersey law because it meets the required contractual elements of mutual assent, offer, acceptance, and consideration.

First, to achieve mutual assent, "a waiver-of-rights provision [must] be written clearly and unambiguously."[12]  "Employees must at least know that they have agreed to arbitrate all statutory claims arising out of the employment relationship or its termination."[13]  The Plan Document satisfies this requirement.  It states, "[e]xcept as otherwise limited, all employment-related legal disputes, controversies or claims arising out of, or relating to, employment or cessation of employment shall be settled exclusively by final and binding arbitration."[14]  It further provides that it applies to employees "who have voluntarily elected the benefits of arbitration by not returning an 'Arbitration

---

[11] The District Court considered the possibility of the Plan Document as Macy's "offer" as another "way forward[]" but, in error, proceeded to analyze Appellants' "offer" as the Plan Document plus the other materials "bundled together." App. 6, n.5.  The information accompanying the Plan Document is not part of the offer but rather further explains Macy's four-step early dispute resolution program.  Arbitration is the last step in that program. The program allows employees to make an informed decision regarding whether to agree to, or opt out of, arbitration during one of two opt-out opportunities.

[12] *Skuse v. Pfizer, Inc.*, 236 A.3d 939, 950 (N.J. 2020).

[13] *Id.* (citation modified).

[14] App. 116.  The Plan Document also "explain[s] that the plaintiff is giving up [his] right to bring [his] claims in court or have a jury resolve the dispute." *Skuse*, 236 A.3d at 950 (quoting *Atalese v. U.S. Legal Servs. Grp., L.P.*, 99 A.3d 306, 315–16 (N.J. 2014)); *see* App. 118 ("By agreeing to arbitration, the Associate and the Company agree to resolve through arbitration all claims described in or contemplated by Article 2 above. *This means that neither the Associate nor the Company can file a civil lawsuit in court against the other party relating to such claims*." (emphasis added)).

4

Election Form' within the prescribed time limits."[15] The Plan Document thus meets "the standard of clarity that [New Jersey courts] impose in all respects."[16]

Macy's mailed the Plan Document, the 2003 Election Form, and a pre-addressed, postage-paid return envelope to Stabile's home address of record. Under the mailbox rule, the Plan Document constituted Macy's offer to Stabile to arbitrate all employment-related legal disputes.[17]

Stabile accepted Macy's offer by failing to return either of the opt-out election forms within the time prescribed during one of two separate opt-out opportunities.[18] "New Jersey contract law recognizes that in certain circumstances, conduct can constitute contractual assent."[19] Accordingly, with prior notice, failure to opt out of arbitration

---

[15] App. 116.

[16] *Skuse*, 236 A.3d at 952.

[17] New Jersey courts "have recognized a presumption that mail properly addressed, stamped, and posted was received by the party to whom it was addressed." *SSI Med. Servs., Inc. v. State Dep't of Hum. Servs., Div. of Med. Assistance & Health Servs.*, 685 A.2d 1, 4 (N.J. 1996) (collecting cases). Although Stabile argues that he "does not recall ever receiving" the Plan Document and accompanying materials, that is not enough to rebut the presumption of receipt. Appellee Br. 48; *see Marley v. PricewaterhouseCoopers LLP*, No. 2:21-CV-14280 (BRM) (AME), 2022 WL 500579, at *4 (D.N.J. Feb. 18, 2022) (explaining that rebutting presumption of receipt requires "some proof that the regular office practice was not followed or was carelessly executed so the presumption that notice was mailed becomes unreasonable" (quoting *Woodward v. Pressler and Pressler, LLP*, Civ. A. No. 10-1325, 2014 WL 809003, at *9 (D.N.J. Feb. 28, 2014))).

[18] Macy's provided Stabile with a second opportunity to opt out of the program approximately a year after the program's implementation.

[19] *Skuse*, 236 A.3d at 950.

through inaction may be a "proper method to assent."[20]  By failing to return either of the election forms, Stabile accepted Macy's offer to arbitrate his employment-related claims.

Finally, Macy's offer was supported by consideration, including continued employment and a mutual agreement to arbitrate all employment disputes.[21]  Because the Plan Document constitutes a valid agreement to arbitrate under New Jersey law, the District Court erred in denying Macy's motion to compel arbitration.

## III.

For the foregoing reasons, we will reverse the order of the District Court and remand with instructions that the Court grant the motion to compel arbitration.

---

[20] *Levy v. AT&T Servs., Inc.*, No. CV 21-11758 (FLW), 2022 WL 844440, at *4 (D.N.J. Mar. 22, 2022); *see also Descafano v. BJ's Wholesale Club, Inc.*, No. 15CV7883PGSDEA, 2016 WL 1718677, at *2 (D.N.J. Apr. 28, 2016) ("Once a party receives notice, acceptance of the arbitration program may be signified by failing to opt out."); *Jayasundera v. Macy's Logisitics & Operations, Dep't of Hum. Res.*, No. 14-CV-7455 (SDW) (SCM), 2015 WL 4623508, at *4 (D.N.J. Aug. 3, 2015) ("Failure to opt out of an arbitration program after receiving notice is sufficient conduct to signify acceptance.").
[21] *Martindale v. Sandvik, Inc.*, 800 A.2d 872, 879 (N.J. 2002) ("[C]ontinued employment has been found to constitute sufficient consideration to support certain employment-related agreements.") (finding arbitration agreement enforceable); *Oscar v. Simeonidis*, 800 A.2d 271, 276 (N.J. Super. Ct. App. Div. 2002) ("Mutual promises are sufficient consideration one for the other. They are reciprocal considerations for each other." (quoting *Coast Nat'l Bank v. Bloom*, 174 A. 576, 579 (N.J. 1934))).