NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4103
_____

KEITH LITMAN; ROBERT WACHTEL,
Individually and on behalf of all others
similarly situated,

Appellants,

v.

CELLCO PARTNERSHIP
d/b/a  Verizon Wireless

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 07-cv-4886)
District Judge: Honorable Freda Wolfson

_____

Argued November 5, 2009

Before:  SCIRICA, JORDAN and COWEN, *Circuit Judges*.

(Filed: May 21, 2010)
_____

William R. Weinstein   [ARGUED]
Sanford, Wittels & Heisler, LLP
950 Third Avenue - 10ᵗʰ Fl.
New York, NY 10022

Steven L. Wittels
Sanford, Wittels Heisler, LLP
440 West Street - 2nd Fl.
Fort Lee, NJ   07024
        *Counsel for Appellants*

Philip R. Sellinger
Todd L. Schleifstein
Greenberg Traurig, LLP
200 Park Avenue
Florham Park, NJ 07932

Andrew G. McBride   [ARGUED]
Elbert Lin
Wiley Rein LLP
1776 K Street NW
Washington, DC   20006
        *Counsel for Appellee*

Alan S. Kaplinsky
Jeremy T. Rosenblum
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street - 51st Fl.
Philadelphia, PA   19103
        *Counsel for Amicus Appellees*

_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Appellants Keith Litman and Robert Wachtel appeal from an order of the United States District Court for the District of New Jersey compelling arbitration and dismissing their case.  For the following reasons, we will vacate the District Court's order and remand for further proceedings consistent with this opinion.

2

## I.  Background

Litman and Wachtel brought this putative class action against Cellco Partnership d/b/a Verizon Wireless ("Verizon") based on Verizon's alleged unlawful imposition of administrative charges on class members' cell phone accounts.[1]  The complaint asserts breach of contract, unjust enrichment, and violations of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1, *et seq*.  Verizon moved to compel arbitration pursuant to an arbitration clause in the relevant customer agreements, which mandates individual arbitration of disputes.  In other words, the arbitration clause prohibits class arbitrations.[2]

In response to the motion, Litman and Wachtel countered that the arbitration clause in their customer agreements was unenforceable because, pursuant to *Muhammad v. County Bank of Rehoboth Beach, Delaware*, arbitration provisions in contracts of adhesion that prohibit use of a class action mechanism for low-value claims are unconscionable under New Jersey law.  912 A.2d 88, 100 (N.J. 2006) ("We hold ... that the presence of the class-arbitration waiver in [plaintiff's] consumer arbitration agreement renders that agreement unconscionable.").  Verizon agreed for purposes of the motion that *Muhammad* applies to the parties' dispute, but argued that *Muhammad* is preempted by the Federal Arbitration Act ("FAA").

---

[1] Specifically, Litman and Wachtel argue that, in September of 2005, Verizon imposed a bogus monthly administrative charge of forty cents on its customers and increased that charge to seventy cents in March of 2007.

[2] The arbitration clause also provides that the agreement to arbitrate is inapplicable in the event that the class-arbitration provision is found to be unenforceable.

The District Court, relying on our decision in *Gay v. Creditinform*, 511 F.3d 369 (3d Cir. 2007), agreed with Verizon and dismissed the case in favor of arbitration. The Court found the instant matter to be indistinguishable from *Gay*, which it understood as concluding that the FAA preempted Pennsylvania case law stating that class-arbitration waivers in contracts of adhesion are unconscionable. Litman and Wachtel timely appealed.

After the opening and answering briefs were submitted to us, another panel of our Court issued its decision in *Homa v. American Express Co.*, 558 F.3d 225 (3d Cir. 2009). As more fully described herein, the *Homa* opinion distinguished *Gay* and held that the FAA does not preempt *Muhammad*. *Id.* at 230. In the wake of *Homa*, Litman and Wachtel moved for summary reversal of the District Court's order compelling arbitration and moved to forego oral argument. Verizon opposed both motions, urging us to disregard *Homa* because it irreconcilably conflicts with *Gay*.[3] Thereafter, we granted Verizon's motion to stay the appeal pending our en banc decision in *Puleo v. Chase Bank*, — F.3d —, No. 08-3837, 2010 WL 1838762 (3d Cir. May 10, 2010) (en banc).

---

[3] *Amici*, American Financial Services Association, Chamber of Commerce of the United States of America, and Consumer Bankers Association, filed a brief in support of Verizon likewise asserting that *Homa* disregarded *Gay* and therefore should itself be disregarded.

## II.     Discussion[4]

Preliminarily, we note, as we did in *Homa*, that *Gay*'s discussion of the application of the FAA to Pennsylvania law appears to be dicta. *Homa*, 558 F.3d at 229. *Homa* was admittedly ambivalent in its treatment of *Gay*'s discussion of Pennsylvania law, *see id.*, 558 F.3d at 230 ("Whether dicta or not ...."), however, in our recently filed *Puleo* opinion, we again referred to this aspect of *Gay* as dicta, *Puleo*, 2010 WL 1838762, at *3, n.2 ("[I]t is worth noting our agreement that *Gay's* discussion of Pennsylvania law was indeed dicta, since our holding in *Gay* was that Virginia law governed the parties' arbitration agreement."), which it plainly is, because *Gay* held that Virginia law, not Pennsylvania law, governed the parties' dispute. *Gay*, 511 F.3d at 390-92. Thus, the discussion of Pennsylvania case law in *Gay* was "not essential to the decision" in that case, even if it might have been "briefed, and argued by counsel, and ... passed on by the court." BLACK'S LAW DICTIONARY (9th ed. 2009). As such, that portion of *Gay* is not binding on subsequent panels of this Court. *See Am. Civil Liberties Union of N.J. ex rel. Lander v. Schundler*, 168 F.3d 92, 98 n.6 (3d Cir. 1999) ("[W]e have repeatedly held that dicta are not binding.").

---

[4] The District Court's jurisdiction was based on diversity of citizenship pursuant to the Class Action Fairness Act of 2005. *See* 28 U.S.C. § 1332(d). We have jurisdiction over this appeal pursuant to 9 U.S.C. § 16(a)(3). Our review of the District Court's decision to compel arbitration is plenary. *Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529, 531 (3d Cir. 2005) (*citing Bouriez v. Carnegie Mellon Univ.*, 359 F.3d 292, 294 (3d Cir. 2004)).

Thus, the panel addressing *Homa* was not bound by that portion of the *Gay* decision. Moreover – and here we may wander into dicta ourselves – we cannot conclude that *Homa* and *Gay* are irreconcilable. According to Verizon, *Gay* requires preemption of *Muhammad* because *Muhammad* is indistinguishable from *Thibodeau v. Comcast Corp.*, 912 A.2d 874 (Pa. Super. Ct. 2006), one of the Pennsylvania cases *Gay* found to be preempted. *Gay*, 511 F.3d at 395 ("We, however, reject *Lytle* and *Thibodeau* for we do not agree with them as there is no escape from the fact that they deal with agreements to arbitrate, rather than with contracts in general ... ."). As Verizon sees it, *Homa*'s conclusion to the contrary is therefore in conflict with *Gay*. The dicta in *Gay* interpreted Pennsylvania case law to "hold that an agreement to arbitrate may be unconscionable simply because it is an agreement to arbitrate," and the preemption determination that followed was based on that construction. *Gay*, 511 F.3d at 395. By contrast, in *Homa*, we read *Muhammad* to apply general principles of contract interpretation in its invalidation of the class-arbitration waiver. *Homa*, 558 F.3d at 230. *Muhammad* did not say that arbitration itself is unconscionable, but instead held that "[a]s a matter of generally applicable state contract law, it was unconscionable for defendants to deprive [plaintiff] of the mechanism of a class-wide action, whether in arbitration or in court litigation." *Muhammad*, 912 A.2d at 100-101. Since *Muhammad* did not evince hostility toward arbitration clauses, which was the concern in *Gay*, it did not conflict with the FAA. *See Homa*, 558 F.3d at 230; *see also Puleo*, 2010 WL 1838762, at *3, n.2 ("[T]he New Jersey

case law at issue in *Homa* did not evince hostility toward arbitration clauses, which was the concern about Pennsylvania law expressed in *Gay*.").

We also explained in *Homa* that *Gay* could not be read as a "blanket prohibition on unconscionability challenges to class-arbitration provisions" since the FAA permits the use of generally applicable contract defenses to attack arbitration agreements. *Homa*, 558 F.3d at 230; *see* 9 U.S.C. § 2 (contractual arbitration provisions "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."). Verizon may be correct that *Muhammad* bears many similarities to *Thibodeau*, but any tension between the dicta in *Gay* and the holding in *Homa* is not beyond resolution, as we have discussed. *See Int'l Bros. of Elec. Workers, Local 803, AFL-CIO v. N.L.R.B.*, 826 F.2d 1283, 1293 n.17 (3d Cir. 1987) ("[A]s a panel of this Court, it is our duty to harmonize our decisions where it is possible to do so. Consideration of alleged inconsistencies between published opinions and the determination whether to overrule an opinion of this Court is reserved for in banc review.").

More importantly, *Homa* is prior precedent that is directly on point and binding on us. *See Garcia v. Att'y Gen. of U.S.*, 553 F.3d 724, 727 (3d Cir. 2009) ("We are bound by precedential opinions of our Court unless they have been reversed by an en banc proceeding or have been adversely affected by an opinion of the Supreme Court."); *see also* Third Circuit Internal Operating Procedure 9.1 ("[T]he holding of a panel in a

7

precedential opinion is binding on subsequent panels.").  We are not in a position to reexamine *Homa*, and, since it controls here, we will vacate the District Court's order compelling arbitration and remand for further proceedings.[5]

## III.    Conclusion

*Homa* concluded that the FAA does not preempt *Muhammad* and, therefore, *Homa* governs the outcome of this case.  Accordingly, the District Court's order compelling arbitration is vacated and the matter is remanded for further proceedings consistent with this opinion.

---

[5] We note that the Supreme Court's recent ruling in *Stolt-Nielson S.A. v. AnimalFeeds International Corp.*, — S. Ct. —, 2010 WL 1655826 (Apr. 27, 2010), does not alter our analysis and conclusion.  The *Stolt-Nielson* Court addressed the specific question of "whether imposing class arbitration on parties whose arbitration clauses are 'silent" on that issue is consistent with the [FAA]."  *Id.* at *4.  It did not consider the distinct issues of state law preemption and unconscionability.  In fact, the en banc Court in *Puleo* expressly cited *Stolt-Nielson* without then questioning whether it precluded an unconscionability determination.  *See Puleo*, 2010 WL 1838762, at *6 n.5.