PRECEDENTIAL
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4103
_____

KEITH LITMAN; ROBERT WACHTEL,
Individually and on behalf of all others
similarly situated,

Appellants,

v.

CELLCO PARTNERSHIP
d/b/a  Verizon Wireless
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 07-cv-4886)
District Judge: Honorable Freda L. Wolfson
_____

Argued on November 5, 2009

Submitted Under Third Circuit LAR 34.1(a)
On June 6, 2011
On Remand From the United States Supreme Court

Before:  SCIRICA, JORDAN and COWEN, *Circuit Judges*.

(Filed: August 24, 2011)
_____

William R. Weinstein   [ARGUED]
Sanford, Wittels & Heisler, LLP
950 Third Avenue - 10th Fl.
New York, NY 10022

Steven L. Wittels
Sanford, Wittels Heisler, LLP
440 West Street - 2nd Fl.
Fort Lee, NJ   07024
        *Counsel for Appellants*

Philip R. Sellinger
Todd L. Schleifstein
Greenberg Traurig, LLP
200 Park Avenue
Florham Park, NJ 07932

Andrew G. McBride   [ARGUED]
Elbert Lin
Wiley Rein LLP
1776 K Street NW
Washington, DC   20006
        *Counsel for Appellee*

Alan S. Kaplinsky
Jeremy T. Rosenblum
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street - 51st Fl.
Philadelphia, PA   19103
    *Counsel for Amicus Appellees*

————————————

OPINION OF THE COURT

————————————

JORDAN, *Circuit Judge*.

This case is before us on remand from the United States Supreme Court.  Appellants Keith Litman and Robert Wachtel had earlier asked us to reverse an order of the United States District Court for the District of New Jersey compelling them to arbitrate their contract dispute with Cellco Partnership d/b/a Verizon Wireless ("Verizon") on an individual rather than a class-wide basis.  In an unpublished opinion and order filed May 21, 2010, we vacated the District Court's order because a recent precedent of ours bound us to conclude that class arbitration should have been available to the appellants.  *Litman v. Cellco P'ship*, 381 F. App'x 140 (3d Cir. 2010) (citing *Homa v. American Express Co.*, 558 F.3d 225 (3d Cir. 2009)).  Verizon responded to our ruling by seeking a stay of our mandate and filing a petition for a writ of certiorari, both of which were granted.  The Supreme Court, shortly after issuing its opinion in *AT&T Mobility v. Concepcion*, 131 S. Ct. 1740 (2011), vacated our decision and remanded the case to us for further consideration.  *Cellco P'ship v. Litman*, 131 S. Ct. 2872 (2011) (table).  On remand,

we asked for supplemental briefing to gain the parties' perspectives on how *Concepcion* applies to this case. Having now reviewed the supplemental briefing and *Concepcion*, we conclude that the New Jersey law at issue, which "[r]equire[s] the availability of classwide arbitration ...[,] creates a scheme inconsistent with the [Federal Arbitration Act]." *Concepcion*, 131 S. Ct. at 1748. Accordingly, we will affirm the District Court's order compelling individual arbitration in accordance with the terms of Litman's and Wachtel's contracts with Verizon.

## I.      Background

Verizon provides wireless telephone service to millions of customers nationwide. Litman and Wachtel were among that number. They each entered into a Customer Agreement (the "Agreements") pursuant to which Verizon supplied them cell phone service for a fixed monthly price.

Beginning on or about September 30, 2005, Verizon allegedly began to impose on its fixed-price customers a "bogus, unlawful, and inequitable" monthly administrative charge of forty cents. (App. at 26-27.) Later, in March 2007, it allegedly charged fixed- price customers an improper seventy-cent administrative charge. According to Litman and Wachtel, the added charges amounted to a "unilateral price increase for all of its customers," in violation of Verizon's contractual obligation to provide cell phone service at a fixed price. (App. at 27, 35-37.) On that theory, Litman and Wachtel filed this putative class action.

The complaint asserts three claims: breach of contract, unjust enrichment, and violations of the New Jersey

4

Consumer Fraud Act, N.J. STAT. ANN. §§ 56:8-1, *et seq.* Verizon moved to compel individual arbitration pursuant to the following clause in the Agreements:[1]

> WE EACH AGREE TO SETTLE DISPUTES … ONLY BY ARBITRATION …
>
> * * *
>
> (1)    THE FEDERAL ARBITRATION ACT APPLIES TO THIS AGREEMENT … ANY CONTROVERSY OR CLAIM ARISING OUT OF OR RELATING TO THIS AGREEMENT, OR ANY PRIOR AGREEMENT FOR WIRELESS SERVICE WITH [VERIZON] … WILL BE SETTLED BY ONE OR MORE NEUTRAL ARBITRATORS BEFORE THE AMERICAN ARBITRATION ASSOCIATION ("AAA") OR BETTER BUSINESS BUREAU ("BBB").
>
> * * *
>
> (3) … THIS AGREEMENT DOESN'T PERMIT CLASS ARBITRATIONS EVEN IF TH[E] PROCEDURES [OF THE AAA OR BBB] WOULD.
>
> * * *

---

[1] Litman's relationship with Verizon was governed by a November 2006 Agreement and Wachtel's by a September 2007 Agreement. The arbitration clause in each is identical.

5

(6) IF FOR SOME REASON THE PROHIBITION ON CLASS ARBITRATIONS SET FORTH IN SUBSECTION (3) … IS DEEMED UNENFORCEABLE, THEN THE AGREEMENT TO ARBITRATE WILL NOT APPLY. FURTHER, IF FOR ANY REASON A CLAIM PROCEEDS IN COURT RATHER THAN THROUGH ARBITRATION, WE EACH WAIVE ANY TRIAL BY JURY.

(App. at 54-55, 71-72.)

Litman and Wachtel opposed Verizon's motion to compel individual arbitration, arguing that, pursuant to the New Jersey Supreme Court's decision in *Muhammad v. County Bank of Rehoboth Beach, Delaware*, 912 A.2d 88, 100 (N.J. 2006), the Agreements' arbitration clause – specifically its class-arbitration waiver – was unconscionable and therefore unenforceable under New Jersey law.[2] For

_____

[2] In *Muhammad*, the New Jersey Supreme Court examined a class arbitration waiver in a consumer contract of adhesion, specifically a payday loan agreement, and held that that waiver was unconscionable, and as such unenforceable, because it deprived "Muhammad of the mechanism of a class-wide action, whether in arbitration or in court litigation." 912 A.2d at 101. In reaching its holding, the *Muhammad* Court considered the "public interests affected by the contract." *Id.* at 99. It noted that, "when … found in a consumer contract of adhesion in a setting in which disputes between the contracting parties *predictably* involve small amounts of damages," class waivers are problematic since "'rational' consumers may decline to pursue individual consumer-fraud lawsuits because it may not be worth the time spent

6

purposes of its motion, Verizon did not challenge the applicability of *Muhammad*, but instead argued that the Federal Arbitration Act ("FAA") preempted *Muhammad*. The District Court accepted that argument. Relying on our decision in *Gay v. CreditInform*, 511 F.3d 369 (3d Cir. 2007), which stated that Pennsylvania court decisions declaring class-wide arbitration waivers unconscionable were preempted by the FAA,[3] the District Court held that the class

---

prosecuting the suit, even if competent counsel was willing to take the case." *Id.* (emphasis original). Thus, the court opined, such class action waivers "functionally exculpate wrongful conduct." *Id.* at 100. As a result, the waivers compromise "[t]he public interest at stake in … consumers effectively … pursu[ing] their statutory rights under [New Jersey's] consumer protection laws," and that interest, the court concluded, "overrides … enforcement of the class-arbitration bar in th[e] agreement[s]." *Id.* at 101.

[3] More precisely, *Gay* reviewed two Pennsylvania Superior Court cases, *Lytle v. CitiFinancial Services, Inc.,* 810 A.2d 643 (Pa. Super. Ct. 2002), and *Thibodeau v. Comcast Corp.,* 912 A.2d 874 (Pa. Super. Ct. 2006). *Lytle* indicated that a class arbitration waiver would be problematic in small-stakes cases. *See* 810 A.2d at 666 (saying "the record before us is devoid of any evidence that would establish that the damages claimed by appellants are insufficient to permit the Lytles to seek legal redress for their injuries in the absence of a class action[,]" but going on to hold that "upon remand, the trial court … may also receive and consider evidence relevant to the Lytles' argument that the costs associated with individual versus class-based litigation of their claim … would, in light of the amount of their damages, result in continuing immunity for [defendant]

arbitration waiver at issue here is valid. The Court thus granted Verizon's motion to compel individual arbitration and dismissed the case. Litman and Wachtel timely appealed.

After the opening and answering briefs had been submitted, we decided *Homa v. American Express Co.*, 558 F.3d 225 (3d Cir. 2009), in which we specifically addressed whether the conclusion expressed by the New Jersey Supreme Court in *Muhammad* was preempted by the FAA. We held that it was not preempted, and we distinguished our earlier decision in *Gay* by noting that the Pennsylvania cases considered there, "'though … written ostensibly to apply general principles of contract law, … hold that an agreement to arbitrate may be unconscionable simply because it is an agreement to arbitrate,'" *id.* at 229 (quoting *Gay*, 511 F.3d at 395), whereas the New Jersey Supreme Court in *Muhammad* was, we thought, at pains to say that a waiver of class-wide dispute resolution would be improper in the context of either litigation or arbitration. We thus concluded that *Muhammad* "plainly [did] not hold that an agreement to arbitrate may be unconscionable simply because it is an agreement to arbitrate." *Homa*, 558 F.3d at 229-30 (internal quotation marks and citations omitted). Rather, we said, because *Muhammad* provides a defense against "*all* waivers of class-wide actions, not simply those that also compel arbitration," it was not preempted by the FAA. 558 F.3d at 230 (emphasis added).

---

for its wrongful acts"). *Thibodeau* later characterized the holding of *Lytle* as being that "mandatory individual arbitration [is] unconscionable when it actually prohibits consumer claims." 912 A.2d at 883.

8

Not surprisingly, Litman and Wachtel moved for summary reversal in this case, based on our decision in *Homa*. We agreed that reversal was required.[4] *See Litman*, 381 F. App'x at 142. We recognized that *Gay*'s discussion of the FAA's preemptive effect on Pennsylvania law was only dicta.[5] *Id.* In contrast, we noted, *Homa* was precedent

---

[4] Before we reached that decision, Verizon moved to stay the appeal pending our *en banc* consideration of *Puleo v. Chase Bank USA*, in which we addressed whether the question of arbitrability, specifically the contention that a class action waiver was unconscionable and therefore unenforceable, was for a court or arbitrator to decide. 605 F.3d 172, 175 (3d Cir. 2010) (*en banc*). In *Puleo* we concluded, among other things, "that when a contractual party challenges the validity of an arbitration agreement by contending that one or more of its terms is unconscionable and unenforceable, a question of arbitrability is presented," which is "a gateway matter for judicial determination." *Id.* at 180. We explained that a challenge to a class arbitration ban "necessarily calls into question the very authority of the arbitrator to preside over the dispute, and, by extension, the validity of the [arbitration agreement] itself" which necessarily makes it a question "for the court to resolve." *Id.* at 183.

[5] That discussion was dicta because "our holding in *Gay* was that Virginia law governed the parties' arbitration agreement." *Puleo*, 605 F.3d at 177 n.2 (citing *Gay,* 511 F.3d at 390). In our earlier opinion in this case, we noted that, even if the commentary about preemption were the holding of *Gay*, it could still be reconciled with *Homa*. *Litman*, 381 F. App'x at 142-43. We reasoned that, under Pennsylvania case law, "'an agreement to arbitrate may be unconscionable

"directly on point and binding on us," so we were required to "conclude[] that the FAA does not preempt *Muhammad.*"  *Id.* at 143.  Accordingly, we vacated the District Court's order compelling individual arbitration and remanded the case for further proceedings, which might have involved some class-wide dispute resolution.  *Id.*

Verizon filed a motion to stay our mandate pending the filing of a petition for writ of certiorari.  We allowed the stay, and Verizon filed its petition.  On May 2, 2011, the Supreme Court granted Verizon's petition, vacated our May 2010 opinion and order, and remanded the case for our review in light of its newly issued opinion in *AT&T Mobility v. Concepcion*.  *See Cellco P'ship,* 131 S. Ct. at 2872.

---

simply because it is an agreement to arbitrate,'" *id.* at 142 (quoting *Gay,* 511 F.3d at 395), whereas the holding in *Homa* rested on the conclusion that, in invalidating the class-arbitration waiver, *Muhammad* applied general principles of contract and, importantly, "did not evince hostility toward arbitration clauses" in general, *id.* at 143 (citing *Homa,* 558 F.3d at 230, and *Puleo,* 605 F.3d at 177 n.2 ("[T]he New Jersey case law at issue in *Homa* did not evince hostility toward arbitration clauses, which was the concern about Pennsylvania law expressed in *Gay.*")).

## II.   Discussion[6]

The specific question before us remains whether the FAA preempts the New Jersey Supreme Court's ruling in *Muhammad*.  As noted above, we had previously held that, pursuant to *Homa*, it did not.  We now examine that decision anew and hold that *Homa* has been abrogated by *Concepcion* and that *Muhammad* is preempted by the FAA.

Section 2 of the FAA, the "primary substantive provision of the Act," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), provides that

> [a] written provision in any … contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction … shall be valid, irrevocable, and enforceable, save upon such grounds as *exist at law or in equity for the revocation of any contract.*

9 U.S.C. § 2 (emphasis added.)  Thus, consistent with § 2, "generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements." *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996).  In considering an arbitration agreement, we

---

[6] The District Court had jurisdiction pursuant to 28 U.S.C. § 1332(d).  We have jurisdiction pursuant to 9 U.S.C. § 16(a)(3).  "We exercise plenary review over [a] District Court's decision to compel arbitration." *Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529, 531 (3d Cir. 2005).

11

may use the law "of the involved state or territory" as an interpretive guide, *Gay*, 511 F.3d at 388, but the "liberal federal policy favoring arbitration," *Moses H. Cone*, 460 U.S. at 24, which gave birth to the FAA, requires that "arbitration agreements [be] on an equal footing with other contracts and [that they be] enforce[d] … according to their terms," *Concepcion*, 131 S. Ct. at 1745 (internal citations omitted).

As is obvious from our decisions in *Gay* and *Homa*, this case is not our first effort to reconcile waivers of class arbitration with state court decisions reflecting public policies against such waivers. In our initial ruling in this case, we discussed the tension between *Gay* and *Homa* and decided we had to follow *Homa*, since it addressed precisely the question at issue here, namely whether New Jersey's *Muhammad* decision forbidding class arbitration waivers could withstand the preemptive sweep of the FAA. "We are bound by precedential opinions of our Court[,]" we observed, "unless they have been reversed by an en banc proceeding or have been adversely affected by an opinion of the Supreme Court." *Litman,* 381 F. App'x at 143 (internal quotation marks and citation omitted).

The Supreme Court's more recent opinion in *Concepcion* works just such a change in the law. The Court addressed "whether the FAA prohibits States from conditioning the enforceability of certain arbitration agreements on the availability of classwide arbitration procedures." 131 S. Ct. at 1744. The Concepcions had purchased AT&T cell phone service, which was advertised to include free phones. *Id.* at 1744. They were charged sales tax on the phones and, believing that to be inconsistent with the promise that the phones were "free," they brought a

12

putative class action against AT&T. *Id.* AT&T moved to compel arbitration under the terms of its contract with the Concepcions, which "provided for arbitration of all disputes between the parties, but required that claims be brought in the parties' individual capacity, and not as a plaintiff or class member in any purported class or representative proceeding." *Id.* at 1744 (internal quotation marks and citations omitted). The district court ruled that, pursuant to the California Supreme Court's decision in *Discover Bank v. Superior Court*, 113 P.3d 1100 (Cal. 2005),[7] the governing contract's arbitration provision was unconscionable. *Concepcion*, 131 S. Ct. at 1745. AT&T appealed, but the United States Court of Appeals for the Ninth Circuit affirmed, concluding that the *Discover Bank* rule was not preempted by the FAA because it was simply "a refinement of the unconscionability analysis applicable to contracts generally." *Id.* The Supreme Court saw it differently.

In dispatching the reasoning and rule of *Discover Bank*, the Supreme Court stated that the clause in § 2 of the FAA that requires enforcement of an arbitration agreement "save upon such grounds as exist at law or in equity for the revocation of any contract[,]" does not "preserve state-law

---

[7] Like the New Jersey Supreme Court's decision in *Muhammad*, the California Supreme Court held in *Discover Bank* that class arbitration waivers in consumer adhesion contracts are unconscionable and contrary to public policy when the "disputes between the contracting parties predictably involve small amounts of damages, and when it is alleged that the party with the superior bargaining power has … deliberately cheat[ed] large numbers of consumers out of individually small sums of money." 113 P.3d at 1110.

rules that stand as an obstacle to the accomplishment of the FAA's objectives." *Id.* at 1748. In the Court's view, "[r]equiring the availability of classwide arbitration interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA." *Id.* More specifically, the Court held that requiring the availability of class action mechanisms undermines the "principal purpose of the FAA[, which] is to ensure that private arbitration agreements are enforced according to their terms." *Id.* (internal quotation marks and brackets omitted). Further, the Court determined that the FAA's objective of "affording parties discretion in designing arbitration processes … to allow for efficient, streamlined[,]" tailored mechanisms to address a dispute, *id.* at 1749, is compromised by state rules "[r]equiring the availability of classwide arbitration," *id.* at 1748. The Court reasoned that "the switch from bilateral to class arbitration sacrifices the principal advantage of arbitration – its informality – and makes the process slower, more costly, and more likely to generate procedural morass than final judgment," *id.* at 1751, not to mention that it increases the "risks to defendants," *id.* at 1752. Accordingly, the Supreme Court held that California's *Discovery Bank* rule stood "as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress … [and was] preempted by the FAA." *Id.* at 1753 (internal citations and quotation marks omitted).

We understand the holding of *Concepcion* to be both broad and clear: a state law that seeks to impose class arbitration despite a contractual agreement for individualized arbitration is inconsistent with, and therefore preempted by, the FAA, irrespective of whether class arbitration "is desirable for unrelated reasons." *Id.* at 1753. Therefore, we

14

must hold that, contrary to our earlier decisions in *Homa* and in this case, the rule established by the New Jersey Supreme Court in *Muhammad* is preempted by the FAA. It follows that the arbitration clause at issue here must be enforced according to its terms, which requires individual arbitration and forecloses class arbitration.[8]

---

[8] Litman and Wachtel make two arguments against this outcome, neither of which is compelling. First, they posit that their Agreements with Verizon stipulate that New Jersey law – most significantly *Muhammad* – applies, not federal law. (Appellant Supp. Br. at 1.) The Agreements' choice of law provision reads that, "[e]xcept to the extent we've agreed otherwise in the provision[] on … arbitration, or as required by Federal law" disputes are to be "governed by the laws of the state encompassing the area code assigned to [Litman and Wachtel's] phone number[s] when [Litman and Wachtel] accepted th[e] agreement[s]." (App. at 55, 72.) The arbitration provision reads that the FAA applies to the Agreements (App. at 72) and, independent of that, the FAA governs the duty to honor arbitration agreements. *See* 9 U.S.C. §§ 1, *et seq.*; *Invista S.À.R.L. v. Rhodia*, S.A., 625 F.3d 75, 83 (3d. Cir. 2010) ("The Federal Arbitration Act … creates a body of federal substantive law establishing and governing the duty to honor agreements to arbitrate disputes." (internal citation and quotation marks omitted)). Thus, New Jersey law applies only to the extent it is consistent with the FAA, making Litman and Wachtel's first argument baseless. Second, Litman and Wachtel argue that they should be allowed to proceed to litigation because the Agreements' say that "if for some reason the prohibition on class arbitrations … is deemed unenforceable, then the agreement to arbitrate will not apply." (App. at 55, 72.) As Litman and Wachtel see

## III. Conclusion

Because the United States Supreme Court's decision in *Concepcion* holds that state law "[r]equiring the availability of classwide arbitration … is inconsistent with the FAA[,]" 131 S. Ct. at 1748, we now endorse the District Court's decision to reject New Jersey law holding that waivers of class arbitration are unconscionable, and we will affirm the District Court's order compelling individual arbitration of the appellants' claims.

---

it, that provision was triggered by *Muhammad*. However, because *Muhammad* is preempted by the FAA, it is inapplicable here and cannot trigger that provision.