NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3600
_____

G.R. HOMA,
individually and on behalf of all others similarly situated,

Appellant

v.

AMERICAN EXPRESS COMPANY;
AMERICAN EXPRESS CENTURION BANK
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 3-06-02985)
Honorable Joel A. Pisano, District Judge
_____

Submitted under Third Circuit LAR 34.1(a)
June 25, 2012

BEFORE:  FISHER and GREENBERG, Circuit Judges,
and OLIVER, District Judge*

(Filed: August 22, 2012)
_____

OPINION OF THE COURT
_____

_____

*Honorable Solomon Oliver, Jr., Chief Judge of the United States District Court for the
Northern District of Ohio, sitting by designation.

GREENBERG, <u>Circuit</u> <u>Judge</u>.

## I.  INTRODUCTION

This matter comes on before this Court on an appeal by the plaintiff, G.R. Homa, from an order of the District Court entered on August 30, 2011, dismissing Homa's action and compelling him to submit his claim as a holder of an American Express Blue Cash credit card against defendants American Express Company and American Express Centurion Bank (together "American Express") to arbitration on an individual basis.  The case involves Homa's assertion that American Express engaged in bait-and-switch solicitation, marketing and advertising in promoting the Blue Cash credit card when describing the cash rebates on purchases and card holders' balances on the card.  The procedural history of this case is intertwined with litigation in a district court in this Circuit and this Court in <u>Litman v. Cellco Partnership</u>, 381 F. App'x 140 (3d Cir. 2010) (<u>Litman</u> I), and 655 F.3d 225 (3d Cir. 2011) (<u>Litman</u> II).  For the reasons that follow we will affirm the order of August 30, 2011.

## II.  PROCEDURAL HISTORY

Homa initiated this litigation in the District Court under the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1 <u>et seq.</u> (West 2001), seeking class action certification on behalf of himself and similarly-situated holders of American Express Blue Cash credit cards.  After Homa filed the case, American Express moved to compel him to arbitrate his claim on an individual as distinguished from a class-arbitration basis in accordance with the terms of the standard Blue Cash credit card agreement that required arbitration

2

of card holder claims individually and waived any right to arbitrate a claim on a class basis. American Express's motion was successful as the Court rejected Homa's contention that in light of the Supreme Court of New Jersey's decision in Muhammad v. County Bank of Rehoboth Beach, 912 A.2d 88 (N.J. 2006), the class-arbitration waiver in the card holder agreement was unconscionable and unenforceable. Accordingly, on May 31, 2007, the District Court dismissed Homa's action and required him to submit his claim to individual arbitration. Homa v. Am. Express Co., 496 F. Supp. 2d 440, 451 (D.N.J. 2007).

Homa appealed and we reversed, Homa v. American Express Co., 558 F.3d 225 (3d Cir. 2009), because of the possible unconscionability of the class-arbitration waiver as applied to Homa.[1] In reversing we rejected American Express's argument that the provision in the 1925 Federal Arbitration Act ("FAA") providing that agreements to arbitrate are "valid, irrevocable and enforceable," 9 U.S.C. § 2, preempted the applicability of Muhammad. We reached that conclusion in reliance on the saving clause in 9 U.S.C. § 2, which provides that arbitration agreements are enforceable "save for such grounds as exist [for their nonenforceability] at law or in equity for the revocation of any contract" as we believed that there might be such grounds with respect to Homa's claim. We, however, did not order that there be a class-arbitration proceeding. Instead, inasmuch as the District Court had not made any findings of fact "as to the potential

---

[1] Both the District Court opinion and our opinion in Homa dealt with a choice of law question between Utah and New Jersey law but we will not mention that point further as the parties refer now only to New Jersey law to the extent that this case implicates state law.

3

value of the New Jersey Consumer Fraud Act claims in this case," 558 F.3d at 228 n.1, we remanded the case to that Court to make the ultimate determination as to whether the class-arbitration waiver in the card holder agreement was enforceable because we believed that an unconscionability determination depended on whether "the claims at issue are of such low value as effectively to preclude relief if decided individually." Id. at 233.

The parties, principally Homa, created an extensive record on the remand including Homa's deposition, numerous attorneys' certifications, exhibits, and a certification of a vice president of American Express. Homa contends that "the uncontradicted evidentiary record in this case establishes that enforcing [American Express's] arbitration clause would make it impossible for any person . . . to effectively vindicate his substantive statutory rights." Appellant's br. at 16. We accept this characterization, for the record demonstrates that the significant cost of arbitrating Homa's claim and the likelihood that there would be a limited recovery even if his arbitration was successful makes it unlikely that an attorney would take his case. Furthermore, in view of the complexity of the issues pertaining to the merits of Homa's claim, it would be very difficult for him to prosecute the case without the aid of an attorney whether in a judicial proceeding or in arbitration. Of course, in accepting Homa's assessment of the record, we have not overlooked the obvious fact that Homa has been represented by counsel in this case in the District Court and this Court. Rather, that circumstance does not lead us to change our view of the record because we believe that an attorney studying this case reasonably could conclude that if Homa is successful he

4

might make a recovery far in excess of what he could hope to recover in an individual arbitration of his claim.

This litigation became intertwined with the litigation in <u>Litman</u> when on May 21, 2010, we applied in <u>Litman</u> I our initial <u>Homa</u> opinion concerning the enforceability of a class-arbitration waiver. In <u>Litman</u> I we reversed a district court order and opinion in which the district court relied on our opinion in <u>Gay v. CreditInform</u>, 511 F.3d 369 (3d Cir. 2007), to hold that the FAA preempted the application of <u>Muhammad</u>. We reached our result in <u>Litman</u> I because in <u>Homa</u> we already had "concluded that the FAA does not preempt <u>Muhammad</u> and therefore <u>Homa</u> governs the outcome of [<u>Litman</u> I]." <u>Litman</u> I, 381 F. App'x at 143.

It promptly became clear, however, that our deference to <u>Muhammad</u> might have a short shelf life, for on May 24, 2010, the Supreme Court granted a petition for certiorari in <u>AT&T Mobility LLC v. Concepcion</u>, 130 S.Ct. 3322 (2010), a case in which the Court of Appeals for the Ninth Circuit had concluded that the FAA did not preempt state unconscionability law and that the class-arbitration waiver at issue in that case was unconscionable under California law, <u>Laster v. AT&T Mobility LLC</u>, 584 F.3d 849 (9th Cir. 2009). The defendant in <u>Litman</u> then moved to stay our mandate in <u>Litman</u> I pending its filing of a petition for certiorari. On July 7, 2010, we granted that motion and stayed the <u>Litman</u> proceedings.

The proceedings in <u>Concepcion</u> and <u>Litman</u> did not go unnoticed by American Express for in August 2010 American Express filed a motion to stay Homa's action on the remand in the District Court pending the Supreme Court's decision in <u>Concepcion</u>. A

5

magistrate judge issued a comprehensive opinion granting the motion, 2010 WL 4116481 (D.N.J. Oct 18, 2010), and Homa did not seek District Court review of that decision. Accordingly, the proceedings in Homa's case on the remand were stayed.

On April 27, 2011, the Supreme Court decided Concepcion and reversed the court of appeals' judgment. 131 S.Ct. 1740 (2011). The Supreme Court concluded that a right to class-arbitration depends on the contractual parties' agreement to that procedure and thus a state cannot impose a duty on a party to engage in class-arbitration in the absence of that party's agreement. Id. at 1750-51. The Supreme Court further held that the FAA preempted the enforcement of the state-law invalidation of a waiver of a right to class-arbitration that existed in the Concepcion agreement. On May 2, 2011, the Supreme Court granted the petition for a writ of certiorari in Litman I, vacated our judgment, and summarily remanded the case to us for further consideration in light of Concepcion. 131 S.Ct. 2872 (2011).

In May 2011, American Express moved to reinstate the District Court's May 31, 2007 order in Homa compelling arbitration on an individual basis. Homa opposed the motion contending that Concepcion did not impact either our decision in Homa or the Supreme Court of New Jersey's decision in Muhammad. While American Express's motion to reinstate the order to compel arbitration on an individual basis was pending in the District Court, we decided Litman II on the remand from the Supreme Court on August 24, 2011, and affirmed the District Court's ruling compelling arbitration of the claim in Litman on an individual basis in accordance with the terms of the controlling agreement. Litman II, 655 F.3d at 225. In Litman II we held "that Homa has been

6

abrogated by Concepcion and that Muhammad is preempted by the FAA." Id. at 230. Understandably, after we decided Litman II, the District Court in Homa's action on August 30, 2011, without opinion, granted American Express's motion to reinstate its order compelling arbitration of Homa's claim on an individual basis. Homa then appealed. The District Court had jurisdiction under 28 U.S.C. § 1332(d) and we have jurisdiction under 9 U.S.C. § 16(a)(3). We are exercising plenary review on this appeal. See Edwards v. Hovensa, LLC, 497 F.3d 355, 357 (3d Cir. 2007).

## III. DISCUSSION

According to Homa the issues on this appeal are as follows:

> 1. Whether this Court should certify to the New Jersey Supreme Court the question of whether, under New Jersey law, if a plaintiff actually proves that he could not effectively vindicate his substantive statutory rights under the arbitration agreement, the arbitration agreement is unenforceable.
>
> 2. Whether the District Court erred by reinstating its original order compelling arbitration notwithstanding the factual record in this case establishing that [Homa] could not effectively vindicate his substantive statutory rights under [American Express's] arbitration agreement.

Appellant's br. at 2.

We discuss the certification issue first. Under Third Circuit LAR 110.1 we are authorized to certify to a state supreme court "questions arising under the laws of that state which will control the outcome of a case pending in federal court." But it is clear that a decision of the Supreme Court of New Jersey under New Jersey law could not control the outcome of this case even if that court would hold that under New Jersey law the arbitration provision in Homa's contract providing that arbitration only could be on

7

an individual basis is unenforceable. Moreover, even in the unlikely circumstance that the Supreme Court of New Jersey held that the arbitration agreement was enforceable as a matter of state law to the end that Homa could prosecute his claim only on an individual arbitration basis we surely would affirm the August 30, 2011 order.

Our opinion in Litman II, in which we explained our understanding of Concepcion, makes it clear that the Supreme Court of New Jersey in an opinion consistent with 9 U.S.C. § 2 could not hold the arbitration agreement to be unenforceable and thus New Jersey law cannot control the outcome of this case even if that law would invalidate the restriction of an arbitration to an individual proceeding. In this regard, we merely need quote from Litman II:

> We understand the holding of Concepcion to be both broad and clear; a state law that seeks to impose class arbitration despite a contractual agreement for individualized arbitration is inconsistent with, and therefore preempted by, the FAA, irrespective of whether class arbitration 'is desirable for unrelated reasons.' . . . . Therefore, we must hold that contrary to our earlier decisions in Homa and in this case, the rule established by the New Jersey Supreme Court in Muhammad is preempted by the FAA. It follows that the arbitration clause at issue here must be enforced according to its terms, which requires individual arbitration and forecloses class arbitration.

Litman II, 655 F.3d at 231 (citation omitted). Quilloin v. Tenant Healthsystem Philadelphia, Inc., 673 F.3d 221, 232 (3d Cir. 2012), is to the same effect as Litman II as it set forth that "[f]urthermore, even if the agreement explicitly waived Quilloin's right to pursue class actions, the Pennsylvania law prohibiting class action waivers is surely preempted by the FAA under Concepcion."

8

Our opinions in Litman II and Quilloin are not outliers as they are consistent with the recognition in In re American Express Merchants' Litigation, 667 F.3d 204, 213 (2d Cir. 2012), that in light of Concepcion and Stolt-Nielson S.A. v. Animal Feed International Corp., 130 S.Ct. 1758 (2010), both decided after Muhammad, "parties cannot be forced to arbitrate disputes in a class-action arbitration unless the parties agree to class action arbitration."[2] Of course, there was no such agreement in Homa's contract with American Express and thus even if the Supreme Court of New Jersey would regard the waiver of class-arbitration in Homa's agreement to be unconscionable under New Jersey law American Express cannot be compelled to engage in class-arbitration.

We now reach Homa's second issue: Did the District Court err in reinstating its May 31, 2007 order compelling arbitration even though he "could not effectively vindicate his substantive statutory rights under [American Express's] arbitration agreement[?]" Appellant's br. at 2. Once again we accept the premise of Homa's question and thus address the issue it raises from the starting point that for his action to proceed with a meaningful chance of success he must prosecute it on a class-arbitration basis.

---

[2] Homa believes that American Express Merchants' Litigation supports his position on this appeal. It is true that that case held that an arbitration clause containing a waiver of the right to a class-arbitration was unenforceable and thus allowed the plaintiffs to proceed with a judicial action. But that case was in a context different from that before this Court, as it was concerned with the assertion of substantive federal statutory rights under the Sherman and Clayton Acts whereas here we are dealing with a substantive claim under the New Jersey Consumer Fraud Act.

9

We need not dwell on this second question for, in effect, we essentially have answered it by answering the first question. Even if Homa cannot effectively prosecute his claim in an individual arbitration that procedure is his only remedy, illusory or not. See Cruz v. Cingular Wireless, LLC, 648 F.3d 1205, 1214-15 (11th Cir. 2011). Though some persons might regard our result as unfair, 9 U.S.C. § 2 requires that we reach it.[3] In this regard, we point out that when Congress makes a law the court must enforce the law as Congress has written it regardless of the court's view of the law. Of course, we realize that a court need not enforce an unconstitutional law but Homa does not raise any constitutional issues in this case and thus we do not address that possibility.

In considering this case it is important to remember that when Congress enacted the FAA it did so "in response to widespread judicial hostility to arbitration agreements." Concepcion, 131 S.Ct at 1745. Thus, there is a liberal federal attitude toward arbitration. Though Congress included the saving clause in 9 U.S.C. § 2 to save generally applicable contract defenses to demands for arbitration, Concepcion recognized that nothing in the saving clause "suggests an intent to preserve state-law rules that stand as an obstacle to the accomplishment of the FAA's objectives [and the] saving clause cannot in reason be construed as allowing a common law right, the continued existence of which would be absolutely inconsistent with the provisions of the act." In other words, "the act cannot be held to destroy itself." Id. at 1748 (citations and internal quotation marks omitted).

---

[3] We are not implying that we believe that we are reaching an unfair result as we express no opinion on that point. Rather, we merely are recognizing that other persons might think that we are doing so.

In the years since Congress adopted the FAA, clauses containing class-arbitration waivers have become ubiquitous in contracts involving products and services distributed or supplied on a mass basis, such as contracts providing for cell phone service, credit cards, and cable service. If we held that Homa's demonstration in the District Court on the remand, which we have no doubt that tens if not hundreds of million users of massively-distributed consumer products or massively-supplied consumer services could replicate, precluded a ruling requiring him to prosecute his claim only through an admittedly ineffective individual arbitration, millions of arbitration provisions in consumer contracts would be rendered unenforceable inasmuch as the arbitration provisions in such contracts typically preclude class-arbitration proceedings. In making our broad statement we take into account the circumstance that if Homa is successful on this appeal there could be only two possible remedies: Ordering a class-arbitration or invalidating his arbitration agreement so that he could proceed in a judicial action. But Concepcion and Stolt-Nielson preclude awarding the first remedy inasmuch as American Express has not agreed to class-arbitration, so that the only remedy that could be left would be an invalidation of the arbitration agreement. Accordingly, if we ruled in Homa's favor we would be applying the saving clause to limit severely the FAA as it has come to be applied. Such a result, desirable or not, in the words of Concepcion, would be "absolutely inconsistent" with the FAA. Thus, we are reinforced in reaching our conclusion that regardless of what some persons might regard as fair we cannot substitute their view for the FAA's requirements and we must reject Homa's appeal.

11

We realize, that unlike the plaintiffs in <u>Litman</u> II and <u>Quilloin</u>, Homa bases his argument on his particularized factual showing with respect to the impracticability of individual arbitration in this case and that few litigants would match his efforts. Inasmuch as we remanded this case to allow him to create a record on which to predicate this argument we cannot fault him for doing exactly that and then making his argument based on the record created on the remand. Nor can we fault ourselves for having ordered the remand as we did so prior to the Supreme Court deciding <u>Concepcion</u>.

Yet in light of <u>Concepcion</u> Homa's factual showing does not change our outcome. Surely <u>Quilloin</u> makes this point clear for we held there that the Pennsylvania arbitration law involved in that case was preempted even though that law provided that waivers of the right to seek class-arbitration are only unconscionable and unenforceable where "class action litigation is the only effective remedy such as when the high cost of arbitration compared with the minimal potential value of individual damages denies every plaintiff a meaningful remedy." <u>Qulloin</u>, 673 F.3d at 233 (internal quotation marks and brackets omitted). Accordingly, Homa's proofs are to no avail. <u>See</u> <u>also</u> <u>Cruz</u>, 648 F.3d at 1214-15.

## IV.  CONCLUSION

For the foregoing reasons, we will affirm the District Court's order of August 30, 2011, to the extent that it dismissed the case and compelled arbitration on an individual basis.

12